# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

| | |
|---|---|
| MAGALI NEGRON, Plaintiff, | Index No.: |
| | Filing Date: |
| -against- | **SUMMONS** |
| | Plaintiff designates Bronx County as the place of trial |
| TARGET CORPORATION, | The basis of venue is Plaintiff's Residence |
| Defendant. | The Plaintiff resides at: 743 Coster Street, Apt. 1 Bronx, New York 10474 |

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
August 17, 2020

**Defendant's addresses:**

**TARGET CORPORATION**
**1000 Nicollet Mall**
**Minneapolis, MN 55403**

**TARGET CORPORATION**
**CT Corporation**
**28 Liberty Street – Floor 42**
**New York, NY 10005**

**BY: JONATHAN J. SARDELLI, ESQ.**
**BRAGOLI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
**MAGALI NEGRON**
300 Broadhollow Road, Suite 100W
Melville, New York 11747
(631) 423-7755

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------------X

MAGALI NEGRON,

Plaintiff,

-against-

TARGET CORPORATION,

Defendant.

---------------------------------------------------------------------X

Index No.:

Filing Date:

**VERIFIED COMPLAINT**

**PLAINTIFF**, by her attorneys, **BRAGOLI & ASSOCIATES, P.C.**, complaining of the Defendant herein, hereby allege upon information and belief, the following:

1. That at all times hereinafter mentioned, Plaintiff, **MAGALI NEGRON**, was and still is a resident of the County of Bronx, State of New York.

2. That at all times hereinafter mentioned, Plaintiff, **MAGALI NEGRON**, maintained a residence at 743 Coster Street, Apartment 1, Bronx, New York 10474.

3. That at all times hereinafter mentioned, the Defendant, **TARGET CORPORATION,** was a domestic company organized and existing in the State of Minnesota.

4. That at all times hereinafter mentioned, the Defendant, **TARGET CORPORATION,** was a domestic company organized and existing in the State of New York.

5. That at all times hereinafter mentioned, the Defendant, **TARGET CORPORATION,** was a domestic company authorized to do business in the State of New York.

6. That at all times herein mentioned, the Defendant, **TARGET CORPORATION,** was, and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of Minnesota.

7. That at all times herein mentioned, the Defendant, **TARGET CORPORATION**, was, and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times herein mentioned, the Defendant, **TARGET CORPORATION**, was, and still is, a foreign corporation duly authorized to do business in the State of Minnesota.

9. That at all times herein mentioned, the Defendant, **TARGET CORPORATION**, was, and still is, a foreign corporation duly authorized to do business in the State of New York.

10. That at all times herein mentioned, the Defendant, **TARGET CORPORATION**, was the owner of the premises located at 815 E. Hutchinson River Parkway, Bronx, New York 10465 (hereinafter referred to as the "subject premises").

11. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, was the lessor of the subject premises.

12. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, was the lessee of the subject premises.

13. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants, and/or employees were responsible for the subject premises.

14. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants and/or employees maintained the subject premises.

15. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants and/or employees repaired the subject premises.

16. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants and/or employees managed the subject premises.

17. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and/or employees inspected the subject premises.

18. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and/or employees supervised the subject premises.

19. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and/or employees controlled the subject premises.

20. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and/or employees operated the subject premises.

21. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and or employees had a duty to properly own, lease, maintain, repair, manage, inspect, supervise, control and operate the subject premises.

22. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and or employees breached their duty to own, lease, maintain, repair, manage, inspect, supervise, control and operate the subject premises.

23. That on or about August 18, 2018, Plaintiff, **MAGALI NEGRON**, was lawfully within the subject premises, located at 815 E. Hutchinson River Parkway, in the County of Bronx, State of New York.

24. That on or about August 18, 2018, Plaintiff, **MAGALI NEGRON**, was lawfully traversing the subject premises, when she was caused to trip/slip and fall, as a result of a dangerous and hazardous condition.

25. The above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance, control,

inspection and repair of the subject premises.

26. That Defendant, **TARGET CORPORATION,** its agents, servants and/or employees were reckless, careless and negligent in the ownership, operation, management, maintenance, supervision, inspection, repair and control of the subject premises; by permitting a dangerous and hazardous condition to exist so that it was dangerous for persons, in particular, this Plaintiff, **MAGALI NEGRON;** by failing to keep the said premises in a reasonably safe condition; in failing to remedy said condition; in failing to post warnings; in allowing the premises to become and remain in a defective and/or dangerous condition; in failing to keep the subject premises in a reasonably safe condition prior to and including August 18, 2018; in causing, creating, allowing, and/or permitting a dangerous and hazardous condition; in failing to remedy said condition; in failing to warn the public at large and, in particular, the Plaintiff herein, of the dangers inherent therein which were likely to cause injury to the Plaintiff, **MAGALI NEGRON;** in failing to take reasonable steps, precautions and safeguards to keep the subject premises in a reasonably safe condition; in failing to post warnings, barriers and or signs to warn the public of the dangerous condition; in permitting the condition to exist for an unreasonable period of time; in failing to inspect, timely inspect and/or properly inspect the subject premises herein; and Defendant, its agents, servants and/or employees were otherwise reckless, careless and negligent in the ownership, operation, management, maintenance, supervision, inspection, repair and control of the subject premises.

27. That as result of the foregoing, Plaintiff, **MAGALI NEGRON**, sustained certain severe personal injuries.

28. The aforesaid injuries sustained by Plaintiff, **MAGALI NEGRON**, was caused solely by reason of the negligence of the Defendant, and without any negligence or fault on the part of the Plaintiff contributing thereto.

29. That Defendant, **TARGET CORPORATION,** its agents, servants and/or employees had actual notice of the aforementioned dangerous and defective condition.

30. That Defendant, **TARGET CORPORATION,** its agents, servants and/or employees had constructive notice of the aforementioned dangerous and defective condition.

31. That as a result of the foregoing, Plaintiff, **MAGALI NEGRON,** sustained serious, severe and permanent injuries and was rendered sick, sore, lame, and disabled; Plaintiff, **MAGALI NEGRON,** was caused to suffer great physical pain, discomfort, and disability and will continue to suffer pain, discomfort, and disability in the future; Plaintiff, **MAGALI NEGRON,** was caused to undergo hospital and medical care, aid, and treatment, and may continue to undergo medical care, aid and treatment for a long period of time to come in the future; Plaintiff, **MAGALI NEGRON,** incurred large sums of expenses for medical care, aid, and attention; Plaintiff, **MAGALI NEGRON,** was further caused to become incapacitated from and hindered in the progress of her usual pursuits, duties, and activities for a long period of time to come in the future.

32. That as a result of the foregoing, Plaintiff, **MAGALI NEGRON,** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff, **MAGALI NEGRON**, demands judgment against the Defendant, **TARGET CORPORATION**; together with the costs and disbursements of this action.

Dated: Melville, New York
August 17, 2020

Yours, etc.,

BY: **JONATHAN J. SARDELLI, ESQ.**
**BRAGOLI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
**MAGALI NEGRON**
300 Broadhollow Road, Suite 100W
Melville, New York 11747
(631) 423-7755

# ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted and licensed to practice in the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

I am the attorney for the Plaintiff in the within action; that the undersigned has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to those matters alleged to be true upon information and belief, and as to those affirmant believe them to be true.

The undersigned further states that the reason this verification is made by the undersigned and not by Plaintiff is that the Plaintiff does not reside within the County where affirmant maintains an office.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are documents, correspondences, and records maintained in affirmant's files and conversations had with the Plaintiff.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: Melville, New York
August 17, 2020

**JONATHAN J. SARDELLI, ESQ.**

**Index No.:**
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

---

**MAGALI NEGRON,**

**Plaintiff,**

**-against-**

**TARGET CORPORATION,**

**Defendant.**

---

**SUMMONS and VERIFIED COMPLAINT**

---

*BRAGOLI & ASSOCIATES, P.C.*
*Attorneys for the Plaintiff*
*MAGALI NEGRON*
*300 Broadhollow Road, Suite 100W*
*Melville, New York 11747*
*(631) 423-7755*

---

**To:>**
**Attorney(s) for>**

---

**Service of a copy of the within is hereby admitted.**

**Dated,**

______________________________
**Attorney(s) for**

---

**Sir: - Please take notice**

**that the within is a true copy of a duly entered in the office of the clerk of the within named court on**

**Dated: , 2020**
**Attorney signature pursuant to Sec. 130-1.1-a of the Rules of the Chief Administrator (22NYCRR)**
**Yours, etc.**

____________________________________
**BY: JONATHAN J. SARDELLI, ESQ.**
*BRAGOLI & ASSOCIATES, P.C.*
*Attorneys for the Plaintiff*
*MAGALI NEGRON*
*300 Broadhollow Road, Suite 100W*
*Melville, New York 11747*
*(631) 423-7755*